IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CENTURION INDUSTRIES, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:06-CV-1362-JOF |
| TITAN ARCHITECTURAL : | |
| PRODUCTS, INC., et al., : | |
| : | |
| Defendants. : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for judgment on the pleadings against Defendant Peter M. Casciano [12] and Plaintiff's motion for default judgment against Defendant Titan Architectural Products, Inc. [13].

On June 6, 2006, Plaintiff, Centurion Industries, Inc., filed suit against Defendants, Titan Architectural Products, Inc. (hereinafter "Defendant Titan"), Peter M. Casciano (hereinafter "Defendant Casciano"), and Kellie J. Smith (hereinafter "Defendant Smith"). In its complaint, Plaintiff raised two breach of contract claims and an indemnification claim against Defendant Titan. Further, Plaintiff raised a claim of fraud against all Defendants. On June 28, Defendant Smith, acting *pro se*, filed an answer to Plaintiff's complaint. That same day Defendant Casciano filed a document headed Defendant's initial disclosure. In this

document Defendant Casciano, acting *pro se*, seemed to be answering certain charges raised in the complaint on behalf of Defendant Titan. On August 28, 2006, Plaintiff filed a motion for judgment on the pleadings against Defendant Casciano and a motion for default judgment against Defendant Titan.

As correctly noted by Plaintiff in its motion for default judgment, a corporation cannot represent itself; rather, a corporation must be represented by counsel. *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1984). Therefore, technically Defendant Titan is in default. Nonetheless, this court recognizes the general preference for suits to be decided on their merits. Further, the court recognizes that Defendant Casciano, Defendant Titan's President, Chief Executive Officer, Chief Financial Officer, and Secretary, lacks legal training. Therefore, the court ORDERS Defendant Titan to file an answer within twenty (20) days of this order. This answer shall be signed by representing counsel. Should Defendant Titan fail to obtain counsel and submit an answer within twenty (20) days of this order, the Clerk of the Court is DIRECTED to enter Defendant Titan into default, at which time Plaintiff may file another motion for default judgment. There will be no further extensions with regard to this matter. The court DENIES Plaintiff's motion for default judgment [13].

With regard to Plaintiff's motion for judgment on the pleadings against Defendant Casciano, the court notes again that Plaintiff is technically correct. While the court is cognizant of the *Haines v. Kerner*, 404 U.S. 519 (1972), obligation to liberally construe

2

pleadings of *pro se* litigants, Defendant Casciano has not denied Plaintiff's allegations of fraud against him.

Nonetheless, as stated above, this court recognizes the general preference for suits to be decided on their merits. Therefore, the court will also give Defendant Casciano twenty days to file an amended answer addressing Plaintiff's complaint. Should Defendant Casciano fail to do so the court will consider a renewed motion for judgment on the pleadings by Plaintiff. There will be no further extensions on this matter. The court DENIES Plaintiff's motion for judgment on the pleadings [12].

**IT IS SO ORDERED** this 8th day of March 2007.


        s/ J. Owen Forrester
        J. OWEN FORRESTER
   SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)